UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIALUZ DIAZDELEON REYES,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>    Defendant. | )<br>)<br>)   Civil Action No. 3:22-cv-01107-K<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT REPORT**

**1.    A brief statement of the claims and defenses:**

**Plaintiff:** This is an action for damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended*. Defendant Experian Information Solutions, Inc. ("Experian") has been erroneously reporting a bankruptcy on Plaintiff's credit report that does not belong to Plaintiff but instead to Plaintiff's mother. Plaintiff alleges that Experian failed to follow reasonable procedures to assure maximum possible accuracy in connection with the preparation and sale of Plaintiff's credit reports in violation of section 1681e(b) of the FCRA. Plaintiff further alleges that Experian failed to conduct reasonable investigations or reinvestigations of the dispute waged by Plaintiff requesting that the bankruptcy public record information be removed from her credit file in violation of section 1681i of the FCRA. Plaintiff seeks statutory damages, actual damages, punitive damages, and attorneys' fees and costs.

**Experian:** As discovery has not yet substantively commenced, Experian cannot provide the Court with a complete factual background of the case as it relates specifically to Plaintiff. Thus, Experian submits this statement based on facts known to it at this time without waiving any defense and reserves the right to supplement this statement once discovery progresses and additional facts are developed.

Experian Information Services, LLC denies it is liable for violations under the FCRA and denies that Plaintiff suffered damages as a result of any alleged wrongdoing or inactions of Experian. Specifically, Experian has, at all relevant times, maintained and followed reasonable procedures to assure maximum possible accuracy of the information contained in credit reports related to Plaintiff and performed reasonable reinvestigations of any disputes submitted by Plaintiff. At all times, Experian acted in good faith and without malice or willful intent to injure Plaintiff and did not act negligently.

2.  **A proposed time limit to file motions for leave to join other parties:**

    September 30, 2022

3.  **A proposed time limit to amend pleadings:**

    September 30, 2022

4.  **A proposed time limit to file various types of motions, including dispositive motions. The Court prefers the deadline for dispositive motions to be 120 days before trial:**

    March 3, 2023

5.  **A proposed time limit for initial designation of experts:**

    December 5, 2022

6.  **A proposed time limit for responsive designations of experts:**

    January 5, 2023

7.  **A proposed time limit for objections to experts (i.e. Daubert and similar motions):**

    February 3, 2022

8.  **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:**

    The Parties intend to take discovery relating to both questions of liability and damages in the form of written requests, depositions, and third-party document production and depositions regarding both liability and damages. The Parties do not believe that discovery should be conducted in phases or limited to a particular issue. The Parties request a discovery cut-off date of February 3, 2023.

9.  **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and what other limitations should be imposed;**

    None.

10. **A proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded; (The parties should note that the Court operates a three-week docket beginning the first Monday of each month. Therefore, the parties**

> should propose a trial date which corresponds with the first Monday of the agreed upon month.)

Proposed Trial Date: July 3, 2023.
Days required for trial: 1-2 days
Jury trial has been properly demanded.

**11.    A proposed date for further settlement negotiations;**

August 9, 2022.

**12.    Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made**

Plaintiff made her initial disclosures on August 1, 2022.  Experian will provide its initial disclosures within two weeks.

**13.    Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge (consent attached).**

The parties do not consent to a trial before U.S. Magistrate Judge.

**14.    Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective (e.g. before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The parties are currently attempting to resolve the matter through direct settlement discussions.

**15.    Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None.

**16.    Whether a conference with the Court is desired and the reasons for requesting a conference;**

The parties do not desire a conference with the Court.

Respectfully submitted,

| | |
|---|---|
| **GORSKI LAW, PLLC** | **JONES DAY** |
| /s/ Gregory Gorski | /s/ Abron Hester |
| Gregory Gorski, Esquire | Abron Hester |
| Bar Number: 91365PA | Bar Number: 24126960 |
| 2400 Market Street, Suite 200 | 2727 N. Harwood Street |
| Philadelphia, PA 19103 | Dallas, TX 75201-1515 |
| | |
| Attorneys for Plaintiff | Attorney for Defendant |
| Marialuz Diazdeleon Reyes | Experian Information Solutions, Inc. |

Dated: August 8, 2022